IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CV-120

| | | |
|---|---|---|
| JAMIE HINTON, | ) | |
|             Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| RALEIGH SOCIAL SECURITY, | ) | |
|             Defendant. | ) | |

This cause comes before the Court on defendant's motion to dismiss plaintiff's complaint for insufficient service of process pursuant to Rules 4(m) and 12(b)(5) of the Federal Rules of Civil Procedure. Plaintiff, proceeding *pro se*, has failed to respond to the motion and the time for doing so has expired. For the reasons that follow, defendant's motion is granted.

## BACKGROUND

Plaintiff initiated this action by filing a motion for leave to proceed *in forma pauperis* on March 26, 2018. [DE 1]. After plaintiff filed a particularized motion, her request to proceed *in forma pauperis* was allowed and her complaint was filed. [DE 6, 7]. Plaintiff's proposed summons were not issued at that time, however, because they were incomplete. Plaintiff was notified of the deficiency by letter, and was provided with three additional blank summonses to complete and return to the Clerk's Office for issuance. [DE 10]. Plaintiff returned one proposed summons on July 24, 2018, and it was issued by the Clerk on July 25, 2018, and provided to the United States Marshals service for service. [DE 11, 12]. The United States Marshal filed proof of service on defendant Raleigh Social Security made pursuant to the summons provided by plaintiff for issuance. [DE 13].

On January 30, 2019, the United States appeared and filed the instant motion to dismiss for insufficient service of process. [DE 15]. Plaintiff was notified of her right to respond to the motion by letter issued January 30, 2019. [DE 17]. The time for filing a response to the motion to dismiss has passed, and plaintiff has failed to respond. Nor has plaintiff filed any request to extend the time to effect proper service on the defendant.

## DISCUSSION

Rule 12(b)(5) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for insufficient service of process. Rule 4 describes the requirements for service of process. Fed.R.Civ.P. 4. A plaintiff must either serve all defendants with process, obtain a waiver of service of process, or provide good cause for delay within ninety days of filing a complaint. Fed.R.Civ.P. 4(d) & (m). Process consists of a summons and copy of the complaint. Fed.R.Civ.P. 4(c).

Rule 4(i) requires that a party seeking to serve the United States and its agencies, corporations, officers, or employees must serve the United States Attorney for the district where the action is brought, the Attorney General of the United States, and the agency. Fed. R. Civ. P. 4(i)(1)-(2). Complete and proper service of process must be effected "within 90 days after the complaint is filed" or the Court must dismiss the action unless that plaintiff has demonstrated good cause to extend the time for service. Fed. R. Civ. P. 4(m).

Because the United States Attorney General and the United States Attorney for the Eastern District of North Carolina have not been served, proper service on the United States agency defendant under Fed. R. Civ. P. 4(i) has not been effected. More than ninety days have elapsed since the filing of the complaint, and plaintiff has failed to come forward to demonstrate

2

good cause to extend the time service, nor has she responded in opposition to the motion to dismiss.

## CONCLUSION

Accordingly, this action is properly DISMISSED WITHOUT PREJUDICE pursuant to Fed. R. Civ. P. 4(m), and defendant's motion to dismiss [DE 15] is GRANTED. The clerk is DIRECTED to close this case.

SO ORDERED, this 3 day of April, 2019.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE

3